## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | § | |
| IN RE: | § | **CASE NO: 25-10676** |
| | § | |
| **ATLANTIC NATURAL FOODS, LLC,** | § | **CHAPTER 11** |
| | § | |
| **DEBTOR.** | § | **SECTION A** |
| | § | |

### INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY OR HONOR PRE-PETITION OBLIGATIONS TO CERTAIN CRITICAL VENDORS AND (II) AUTHORIZING BANKS TO HONOR ALL RELATED CHECKS AND <u>ELECTRONIC PAYMENT REQUESTS</u>

The Court held a hearing on April 9, 2025, to consider the *Motion For Entry of an Order (i) Authorizing the Debtor To Pay or Honor Pre-Petition Obligations To Certain Critical Vendors, (ii) Authorizing Banks To Honor All Related Checks and Electronic Payment Requests, and (iii) Granting Related Relief* (the "<u>Critical Vendor Motion</u>" or the "<u>Motion</u>"),[1] [ECF Doc. 7], filed by the Debtor; and the response to the Motion, [ECF Doc. 23], filed by David W. Asbach, Acting United States Trustee for Region 5 (the "<u>U.S. Trustee</u>").

The Court having jurisdiction to consider the Critical Vendor Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Critical Vendor Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Critical Vendor Motion having been provided under the circumstances in accordance with the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Louisiana (the "<u>Local Rules</u>"), and it appearing that no other further notice need be

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

provided; and upon consideration and this Court's admission of the *Declaration of J. Douglas Hines in Support of Voluntary Petition and First Day Motions*, [ECF Doc. 9], filed contemporaneously with the Motion, and the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Critical Vendor Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtor, its estate, its creditors, its stakeholders, and all other parties-in-interest, and that the legal and factual basis set forth in the Critical Vendor Motion establishes just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor

**IT IS ORDERED THAT:**

1.       The Motion is **GRANTED** on an **INTERIM** basis as set forth herein.

2.       The Debtor is authorized, but not directed, to pay prepetition Critical Vendor Claims in the ordinary course of business and consistent with its prepetition practices, and as the Debtor deems necessary in its sole discretion.  The Debtor shall not pay such Critical Vendor Claims unless they are due or deemed necessary to be paid in the Debtor's reasonable business judgment to ensure ongoing provision of goods or services or otherwise to avoid an adverse effect on current operations.

3.       Any party that accepts payment from the Debtor on account of the amounts described in the Motion shall be deemed to have agreed to the terms and provisions of this Order. Notwithstanding anything to the contrary herein, prior to making any payment pursuant to this Order, the Debtor shall provide the applicable Critical Vendor with a copy of this Order.

4.       Any entity provided with a copy of this Order authorizing payment of the Critical Vendor Claims shall be deemed to be on notice that a refusal to provide goods or services to the

Debtor after the Petition Date by reason of non-payment of any prepetition debt constitutes a willful violation of § 362(a)(6) of the Bankruptcy Code.

5.      Unless otherwise agreed to by the Debtor and such Critical Vendor, in exchange for payment of its Critical Vendor Claim, each Critical Vendor is required to transact business with the Debtor post-petition on terms not more onerous, as determined by the Debtor in its sole discretion, as the customary trade terms (the "Customary Trade Terms") established between the Debtor and such Critical Vendor, for the duration of time agreed to by the Debtor and such Critical Vendor.

6.      If, after receipt of payment for its Critical Vendor Claim, a Critical Vendor refuses to continue to provide product, supplies or services in accordance with the Customary Trade Terms: (a) the Debtor may take any and all appropriate steps to recover from such Critical Vendor any payments made to it on account of its prepetition claim to the extent that such payments exceed the post-petition amounts then owing to such party; (b) upon recovery by the Debtor, any prepetition claim of such party shall be reinstated as if the payment on account thereof had not been made; and (c) if an outstanding post-petition balance is due from the Debtor to such party, (i) the Debtor may elect to recharacterize and apply any payment made pursuant to the relief granted in this Order to such outstanding post-petition balance, and (ii) such party will be required to repay to the Debtor such paid amounts that exceed the post-petition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

7.      The Debtor is authorized to issue post-petition checks, or to execute post-petition electronic funds transfer requests with respect to prepetition amounts owed in connection with the relief granted in this Order.

8.     The Debtor's banks and financial institutions (including Comerica Bank and collectively with any other applicable bank, the "Banks") may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Order or any other order of this Court, and such Banks shall not have any liability to any party for relying on such representations by the Debtor.

9.     Any expenditure authorized under this Order is subject to this Court's *Interim Order (a) Authorizing Use of Cash Collateral and Granting Adequate Protection; and (b) Modifying the Automatic Stay* dated April 10, 2025, [ECF Doc. 30], and may only be paid to the extent provided for by the Budget (as defined in the Cash Collateral Order); additionally, in the aggregate, the Debtor shall not spend more than $100,000.00 in respect of Critical Vendor Claims, at all times subject to the Budget.

10.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) an impairment or waiver of the Debtor's or any other party in interest's right to dispute any claim against, or interest in, the Debtor, its property or its estate; (c) a promise or requirement to pay any prepetition claim; (d) a request or authorization to assume, adopt, or reject any agreement, contract, or lease under § 365 of the Bankruptcy Code; (e) an implication or admission that any particular claim is of a type specified or defined in the Motion, this Order, or any order granting the relief requested by the Motion; (f) an implication, admission, or finding as to (i) the validity, enforceability, or perfection of any interest or encumbrance on the property of any Debtor or its estate or (ii) the applicability of any exception or exclusion from

property of the estate under § 541 of the Bankruptcy Code or other applicable law; (g) an impairment or waiver of the Debtor's or any other party in interest's rights under the Bankruptcy Code or other applicable law.

11. The Debtor shall maintain a matrix or schedule of amounts paid to Critical Vendors, subject to the terms and conditions of this Order, including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category or type of payment; and (d) the payment date. To the extent any payments are made to insiders, it shall be noted on the matrix/schedule. The Debtor shall attach a copy of such matrix/schedule to the monthly operating reports filed in the Chapter 11 Case.

12. Nothing herein shall impair or prejudice the rights of the U.S. Trustee and any statutory committee appointed in the Chapter 11 Case, which are expressly reserved, to object to any payment made pursuant to this Order to any insider (as such term is defined in § 101(31) of the Bankruptcy Code), or an affiliate of an insider, of the Debtor.

13. The Debtor is authorized and empowered to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Interim Order.

14. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

15. The requirements of Bankruptcy Rule 6004(a) are waived.

16. This Order shall be effective and enforceable immediately upon entry hereof.

17. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

18. The final hearing (the "Final Hearing") on the Motion shall be held on **Wednesday, May 14, 2025, at 1:00 p.m.** before the undersigned at the United States Bankruptcy Court, Eastern

District of Louisiana, 500 Poydras Street, Courtroom B-709, New Orleans, Louisiana, 70130. Parties in interest may participate in the hearing (i) in-person; (ii) by telephone only (Dial-in 504.517.1385, Access Code 129611); or (iii) by telephone using the dial-in number and video using https://gotomeet.me/JudgeGrabill.  Parties in interest are advised to review this Court's Amended General Order 2021-2 for information on conduct of hearings, available at https://www.laeb.uscourts.gov/.

19.     Any objections or responses to entry of a final order on the Motion shall be filed and properly served on or before **Wednesday, May 7, 2025**.  In the event no objections to entry of the final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

**IT IS FURTHER ORDERED** that the Debtor shall serve this Order via first-class U.S. Mail on the required parties who will not receive a copy through the Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure, this Court's Local Rules, and this Court's *Order Limiting Service* dated April 8, 2025, [ECF Doc. 13], and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, April 11, 2025.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE