UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-10676 |
| | § | |
| ATLANTIC NATURAL FOODS, LLC, | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | SECTION A |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the *Motion for Derivative Standing To Bring Complaint To Determine the Extent, Validity, and Priority of Liens and Claims*, as amended (the "Motion"), [ECF Docs. 145 & 154], filed by Above Food Ingredients, Inc. and Above Food USA Corp. (together "Above Food"). Above Food attached a proposed Complaint as an exhibit to the Motion. [ECF Doc. 154, Ex. 1]. Through the Motion, Above Food seeks leave to initiate an adversary proceeding to challenge the extent, validity, priority, and amount of the security interests held by Comerica Bank in the Debtor's equipment and inventory.¹ Comerica Bank, the Debtor, and Robert Reiser & Co., Inc. oppose the Motion. [ECF Docs. 176, 179 & 185]. The Court held a hearing on the Motion on June 12, 2025, and took the matter under advisement. [ECF Doc. 202].

No official committee has been appointed in this case to advocate for the interests of general unsecured creditors and the Debtor continues to function as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

For the reasons described herein, the Court grants derivative standing to Above Food to pursue the claims alleged in the proposed Complaint attached to the Motion, but denies Above

---

¹ Although the Complaint names as defendants the Debtor as well as several entities that have filed UCC-1 financing statements evidencing security interests in the Debtor's assets, a review of the Complaint makes clear the primary target of the Complaint is Comerica Bank.

Food's request for allowance of an administrative expense claim under 11 U.S.C. § 503(b)(3) as premature.

## JURISDICTION

This Court has jurisdiction to hear and decide the matter before it on a final basis pursuant to 28 U.S.C. § 1334(b) and § 157(b). The venue of the Debtor's bankruptcy case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## DISCUSSION

Because a debtor-in-possession serves as a fiduciary to its creditors and shareholders as would a trustee for a debtor out of possession, a debtor-in-possession that refuses to take action to maximize the value of the estate fails to protect creditors' interests and thus justifies allowing a creditor to take actions to fulfill the debtor's fiduciary duty in the debtor's stead. *See La. World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 250 (5th Cir. 1988); *Cambridge Realty W., L.L.C. v. NOP, L.L.C.*, No. 10-2791, 2010 WL 4668436, at *2 (E.D. La. Nov. 8, 2010). To obtain a grant of derivative standing from this Court to assert the proposed Complaint on behalf of the Debtor challenging the extent, validity, priority, and amount of the security interests held by Comerica Bank, the Fifth Circuit generally requires that Above Food show that the claim is colorable and that the Debtor has unjustifiably refused to pursue that claim. *See La. World Exposition*, 858 F.2d at 247. But the Fifth Circuit has observed that "these are relevant considerations, though not necessarily a formalistic checklist." *Id*.

### A. Above Food Has Alleged Colorable Claims.

"Colorable" claims are those "that on appropriate proof would support a recovery." *G-I Holdings, Inc. v. Those Parties Listed on Exhibit A (In re G-I Holdings, Inc.)*, 313 B.R. 612, 631 (Bankr. D.N.J. 2004); *see also Unsecured Creditors Comm. of Debtor STN Enters. Inc. v. Noyes*

2

*(In re STN Enters.)*, 779 F.2d 901, 905 (2d Cir. 1985). But because Above Food is not required to present its proof at this stage, "the first inquiry is much the same as that undertaken when a defendant moves to dismiss a complaint for failure to state a claim." *In re G-I Holdings, Inc.*, 313 B.R. at 631 (internal quotations and citations omitted); *see also In re Sabine Oil & Gas Corp.*, 547 B.R. 503, 515 (Bankr. S.D.N.Y. 2016) (citations omitted); *In re Murray Metallurgical Coal Holdings, LLC*, 614 B.R. 819, 826 (Bankr. S.D. Ohio 2020); *In re On-Site Fuel Serv., Inc.*, No. 18-04196, 2020 WL 3703004, at *12 (Bankr. S.D. Miss. May 8, 2020). To analyze a motion to dismiss for failure to state a claim, "a court must accept as true all of the allegations contained in a complaint," but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, the movant must "state a claim [for] relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting FED. R. CIV. P. 8(a)(2)). "While the Court need not 'conduct a minitrial' of the claims . . . the Court may weigh the 'probability of success and financial recovery,' as well as the anticipated costs of litigation, as part of a cost-benefit analysis conducted to determine whether pursuit of the colorable claims are likely to benefit the estate." *In re iPCS, Inc.*, 297 B.R. 283, 291 (Bankr. N.D. Ga. 2003) (quoting *America's Hobby Ctr., Inc. v. Hudson United Bank (In re America's Hobby Ctr., Inc.)*, 223 B.R. 275, 282 (Bankr. S.D.N.Y. 1998)).

Above Food alleges in its Complaint that certain equipment that is subject to Comerica Bank's perfected security interests has been exported overseas. *See* Complaint, ¶¶ 9–14. It also alleges that the Debtor owns inventory located outside of the United States. *See id.* Above Food does not appear to contest Comerica Bank's perfected security interests in equipment and inventory located in the United States; its allegations focus on the extent, validity, priority, and amount of those security interests in equipment moved overseas and inventory created abroad. *See* Complaint, ¶¶ 16–23. The Complaint alleges that Comerica Bank has not complied with applicable security rights laws of Portugal, Thailand, and the Philippines to recognize and enforce its domestic security rights in those jurisdictions. *See id.* For those reasons, Above Food asserts that other parties hold perfected liens that outrank any liens held by Comerica Bank. *See* Complaint, ¶¶ 15–31 (Counts I–III).[2]

"[I]n ascertaining whether a plaintiff has stated a cognizable claim, the court also examines the facts as alleged by the plaintiff for any dispositive affirmative defenses." *In re G-I Holdings, Inc.*, 313 B.R. at 631 (citing *Griesenback v. Am. Tobacco Co.*, 897 S. Supp. 815, 820 (D.N.J. 1995)). In the oppositions to the Motion and at oral argument at the hearing on the Motion, Comerica Bank and the Debtor essentially argued that the Delaware Uniform Commercial Code applies extraterritorially without limit such that a change in location of collateral has no effect on perfection or the priority of security interests. [ECF Docs. 176 & 179]; Hr'g Min. 11:26–:28 (June 12, 2025). The Court views Above Food's allegations not as a challenge to the existence of

---

[2] Additionally, Above Food's Complaint challenges the extent of Comerica Bank's prepetition security interests to the extent it asserts a lien on the Debtor's avoidance actions; Above Food asserts that security interest is invalid because avoidance actions did not exist at the time the Debtor granted the security interest to Comerica Bank, those actions having only come into existence under the Bankruptcy Code at the time of the Debtor's bankruptcy filing. *See* Complaint, ¶¶ 32–33 (Count IV). Finally, Above Food asserts that Comerica Bank's perfected security interest on accounts receivable generated from goods sold is limited to the cost of the inventory incorporated into finished goods and does not include the labor costs involved in creating finished goods. *See* Complaint, ¶¶ 34–35 (Count V).

Comerica Bank's security interests, but to the enforceability of those interests, which may affect the financial value of Comerica Bank's secured claim. Thus, the Court finds that Above Food has stated colorable claims under state law and bankruptcy law that would benefit the estate if successful.

### B. The Debtor Unjustifiably Refused To Challenge Comerica Bank's Liens.

Above Food alleges that the Debtor refused to investigate whether Comerica Bank's liens are enforceable overseas or to bring any challenge to Comerica Bank's liens. *See* Motion, ¶¶ 15 & 23. The record is silent on whether Above Food made formal demand on the Debtor to initiate a challenge to Comerica Bank's liens and whether the Debtor declined to do so. But "a debtor's refusal to pursue an avoidance action can be implied even where no formal demand has been made . . . ." *In re G-I Holdings, Inc.*, 313 B.R. at 630. The Debtor has stipulated, as part of the current interim order granting the Debtor's motion for use of Comerica Bank's cash collateral, that Comerica Bank's liens are valid and enforceable, [ECF Doc. 129, ¶ E(iv)], and the Debtor vigorously opposed the instant Motion. The record is also silent on whether the Debtor has performed any independent analysis or investigation into the extent, validity, priority, and amount of Comerica Bank's liens. Thus, the Court finds that the Debtor has unjustifiably refused to challenge Comerica Bank's liens on equipment and inventory located overseas.

For the foregoing reasons,

**IT IS ORDERED** that the Motion is **GRANTED IN PART**. The Court grants Above Food Ingredients, Inc. and Above Food USA Corp. leave to file an adversary proceeding challenging the extent, validity, priority, and amount of Comerica Bank's security interests.

**IT IS FURTHER ORDERED** that Above Food Ingredients, Inc. and Above Food USA Corp. shall file its adversary complaint within twenty days from the date of this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that, to the extent the Motion seeks allowance of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(3), the Motion is **DENIED IN PART AS PREMATURE**.

New Orleans, Louisiana, this 24th day of June, 2025.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE